NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0290n.06
Filed: April 17, 2009

**No. 08-5246**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RICHARD EDWARDS, JR.,

      Defendant-Appellant.

_____/

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY

BEFORE:    BATCHELDER and CLAY, Circuit Judges; and COX, District Judge.[*]

**COX, District Judge**. Following a jury trial, Defendant Richard Edwards, Jr. ("Edwards")

was convicted of threatening to damage the property of a witness, in violation of 18 U.S.C. §

1513(b)(2), and several drug and firearm offenses. On appeal, Edwards alleges that: 1) there was

inadequate evidence to support a conviction of threatening to damage the property of a witness in

violation of 18 U.S.C. § 1513(b); and 2) his sentence is unreasonably lengthy. We disagree and, for

the following reasons, affirm the judgment of the district court.

BACKGROUND

The evidence presented at trial, viewed in the light most favorable to the prosecution,

_____

[*]The Honorable Sean F. Cox, United States District Court Judge for the Eastern District
of Michigan, sitting by designation.

included the following.

Kimberly McDowell ("McDowell") is an individual who began functioning as a paid informant for various police agencies in the early 1990s. In June, 2007, McDowell became involved in an undercover investigation of Edwards by the Kentucky State Police Department. As part of that investigation, McDowell purchased drugs and a firearm from Edwards on separate occasions.

Edwards was arrested on July 18, 2007. On July 19, 2007, Edwards made his initial appearance in federal court on charges related to the sale of the drugs and the firearm. At that hearing, Edwards was given a copy of the criminal complaint that had been filed against him and its supporting affidavit. Although the supporting affidavit referred to McDowell only as CI (confidential informant), the affidavit provided specific details as to McDowell's transactions with Edwards.

After his arrest, Edwards's girlfriend, Crystal Stigers ("Stigers"), visited Edwards in jail and spoke with him on the telephone on several occasions. Edwards told Stigers that McDowell was the individual who had "turned him in" and Stigers indicated that Edwards was unhappy about it.

The telephone calls that were made while Edwards was in jail were recorded and played for the jury at trial. On appeal, Defendant acknowledges that during those conversations he "expressed his anger at being set up by Ms. McDowell and asked Ms. Stigers to spray paint Ms. McDowell's car." (Appellant's Br. at 5).

For example, during a call on July 26, 2007, Edwards told Stigers: "If you see that bitch, you need to get you a can of spray paint and go spray paint that bitch car, put 'Rat' all over that bitch." When Stigers responded that she was going to go to McDowell's job, but that she had learned that she quit her job, Edwards responded, "[s]he better have, because I was on my way one day." Edwards then tried to give Stigers directions to where McDowell was living, but Stigers cut him off

2

stating "I ain't going to her house, man." Edwards then stated that Mike from "upstairs" would "do anything you want him to do" for "20 or 25 dollars." Stigers testified that an individual named Mike lived upstairs from her at that time.

During a subsequent call on August 2, 2007, Edwards again referred to Mike and asked Stigers, "[d]id you tell him you wanted to write that shit all over their trucks and cars and shit, 'Rats?'" Stigers responded, "Oh, stop it. I ain't going to do nothing to get nobody in trouble, you know?"

After these telephone calls, Stigers was visited by law enforcement officers and was advised not to think about threatening a witness.

A Second Superceding Indictment added Count 10, charging Edwards with violating 18 U.S.C. § 1513(b)(2) for threatening to damage the tangible personal property of McDowell.

At the close of the Government's case, and at the close of all evidence, Edwards moved for a judgment of acquittal as to Count 10 of the Indictment. He argued that the evidence was insufficient because no property damage actually occurred and no threats had been transmitted to McDowell.

The district court denied the motion seeking acquittal as to Count 10. In doing so, the district court relied on, among other things, the plain language of the statute. Edwards also requested that the jury be instructed that the statute requires that threats to cause property damage must be transmitted to the government informant, but the district court declined to give that instruction.

The jury ultimately returned a guilty verdict as to eight of the ten counts against Edwards, including Count 10.

At sentencing, Edwards argued for a sentence below the advisory guideline range of 262-327

3

months.  The district court rejected that request and sentenced Edwards to a term of incarceration of 300 months.  Before doing so, the Court stated:

> It saddens this Court to find any defendant in the situation that you find yourself in today.  Mr. Edwards, I'm sorry for your unborn child and for your parents, who love you.  And I don't [think they] raised you to live the way that you have elected to live.  However, the nature of your criminal history, your propensity to fall back into a life of crime, and the involvement of firearms and intimidation leaves this Court with little choice but to impose a serious sentence.

Thereafter, Edwards filed this timely appeal, challenging the district court's denial of his motion seeking acquittal as to Count 10, and challenging the length of his sentence.

ANALYSIS

I.   Was There Sufficient Evidence Presented At Trial To Support A Conviction Under 18 U.S.C. § 1513(b)(2)?

Edwards challenges the sufficiency of the evidence to support his conviction for retaliation against a witness under 18 U.S.C. § 1513 (b)(2).  Section 1513(b)(2) provides, in pertinent part:

> (b) Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for --
> . . . .
> (2) any information relating to the commission or possible commission of a Federal offense . . . given by a person to a law enforcement officer;
>
> or attempts to do so, shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 1513(b)(2).

Edwards contends that his motion seeking acquittal as to Count 10 of the Indictment should have been granted because there was insufficient evidence to convict him under § 1513(b)(2).

As both parties acknowledge in their briefs, a district court's denial of a motion for judgment

4

of acquittal is reviewed *de novo. United States v. Kone*, 307 F.3d 430, 433 (6th Cir. 2002); *United States v. Keeton*, 101 F.3d 48, 52 (6th Cir. 1996). A defendant claiming insufficiency of the evidence bears a very heavy burden. *United States v. Fortson,* 194 F.3d 730, 735 (6th Cir. 1999); *United States v. Abner,* 35 F.3d 251, 253 (6th Cir. 1994). The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *Fortson,* 194 F.3d at 735.

Edwards contends that there was insufficient evidence to convict him under § 1513(b)(2) because it is undisputed that no property damage actually occurred and because his threats were not transmitted to the witness. We disagree.

First, we reject Edwards's contention that the statute requires the threat to have been communicated to the intended victim. The plain language of the statute does not require that the threat be transmitted to the intended victim. Rather, the plain language of the statute requires only that the following essential elements be proven in order to convict Edwards: 1) knowing engagement in conduct; 2) either causing, or threatening to cause, bodily injury or property damage to another person; and 3) with intent to retaliate against any person for, *inter alia*, providing information relating to the commission of a federal offense. *United States v. Pardis,* 802 F.2d 553, 562 (1st Cir. 1986). The legislature could have drafted the statute to require that a threat be transmitted or communicated to the intended victim in order to be actionable. It did not do so.

Moreover, *United States v. Hankins*, 195 Fed.Appx. 295, 2006 WL 2787074 (6th Cir. 2006) supports our conclusion that a threat does not have to be communicated to the intended victim in

5

order to obtain a conviction under § 1513. In *Hankins,* another panel of this Court held that evidence very similar to that presented here supported a conviction under § 1513(b). Like Edwards, the defendant in *Hankins* asserted there was insufficient evidence to convict him under § 1513(b). The evidence presented at trial in that case demonstrated that the defendant had communicated, *to a third party*, threats to injure and/or kill two officers that had been involved in executing a search warrant on his property. In those communications, the defendant stated his intentions to injure and/or kill the officers, and also discussed hiring others to shoot the officers. Notably, the *Hankins* decision does not reflect that the defendant ever communicated any threats to the intended victims. Even absent such evidence, the panel affirmed the district court's denial of the defendant's motion for acquittal, stating:

> A reasonable juror could find that Mr. Hankins made the statements to Mr. Chick because he wanted to retaliate against Director Devasher and Sheriff Whittaker for their involvement in Mr. Hankins' criminal proceedings. They were sufficient to sustain Mr. Hankins' conviction for threatening to retaliate.

*Id.* at 300. Thus, *Hankins* supports our conclusion that a threat need not be communicated to the intended victim in order to convict under § 1513.

Second, we reject Edwards's assertion that the evidence was insufficient to convict him because McDowell's property was never actually damaged. The statute, by its express terms, prohibits conduct that "causes bodily injury to another person or damages the tangible property of another person, *or* threatens to do so, . . ." 18 U.S.C. § 1513(b) (emphasis added). Thus, the statute prohibits threatening to damage the tangible property of another person, regardless of whether the property is actually damaged. As stated by the *Hankins* court:

> The Government is not required to prove that the defendant was successful "in actually achieving the result" because "it is the endeavor to bring about [the]

6

forbidden result . . . that is forbidden." *United States v. Maggitt,* 784 F.2d 590, 593 (5th Cir. 1986)(citing *United States v. Jackson,* 513 F.2d 456, 460 (D.C. Cir. 1975); *United States v. De Stefano,* 476 F.2d 324, 330 (7th Cir. 1973)).

*Hankins,* 195 Fed. Appx. at 300.

Having rejected Edwards's position that the statute requires the threat to have been communicated to the intended victim, and his position that the statute requires actual property damage, we conclude that the conviction must be sustained. Edwards acknowledges that during his conversations with Stigers he "expressed his anger at being set up by Ms. McDowell and asked Ms. Stigers to spray paint Ms. McDowell's car." (Appellant's Br. at 5). Given the evidence presented at trial, a reasonable jury could conclude that Edwards engaged in conduct threatening to cause property damage to McDowell with the requisite intent to retaliate against her for providing information relating to the commission of a federal offense.

II.    Is Edwards's Sentence Unreasonably Lengthy?

The parties both acknowledge that Edwards's sentence is reviewed for reasonableness under an abuse of discretion standard. Although review for reasonableness includes both procedural and substantive components, Edwards only challenges his sentence as substantively unreasonable.

A sentence is substantively unreasonable when it is arbitrary, based on impermissible factors, when relevant § 3553 factors are not considered, or the sentencing judge unreasonably relies on a factor. *United States v. Carter*, 510 F.3d 593, 601 (6th Cir. 2007).

The Sixth Circuit "takes a deferential approach to this type of substantive sentencing challenge." *United States. v. Paull*, 551 F.3d 516, 529 (6th Cir. 2009) (citing *United States v. Vonner*, 516 F.3d 382, 392 (6th Cir. 2008)). This is especially true in cases, such as the case at bar, where the district court agrees with the recommendations in the sentencing guidelines. *Id*. The Sixth

Circuit has held that within-Guidelines sentences are presumed to be reasonable. *Vonner*, 516 F.3d at 389-90. The presumption is rebuttable, but this Court cannot overturn a district court's sentencing determination solely because it believes another sentence would be more appropriate. *Id*. Here, Edwards acknowledges that the district court correctly calculated the United States Sentencing Guidelines range and imposed a sentence in the middle of the Guidelines. His sentence is therefore presumed reasonable.

We conclude that the district court properly considered the relevant § 3553(a) factors, did not select Edwards's sentence arbitrarily, did not base his sentence on impermissible factors, and did not give undue weight to any one § 3553(a) factor.

Edwards claims that his sentence is not reasonable because the district court "over-emphasized" the seriousness of his criminal history. We find that position to be without merit. Edwards's criminal history includes: 1) a 1979 conviction for armed robbery; 2) a 1992 conviction for criminal sexual conduct, assault with intent to commit murder, and armed robbery; 3) that in 2002, less than a year after his release from prison on the 1992 conviction, he pled guilty to drug offenses and possession of a firearm by a convicted felon; and 4) Edwards committed the instant offenses less than a year after his release from prison on the 2002 offenses. The district court reasonably considered the nature of Edwards's prior criminal history, his propensity to fall back into a life of crime, and his continued involvement with firearms, when it imposed his sentence.

We find no abuse of discretion and affirm the district court's sentence.

CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

8